# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

————————————————————X
:
Walgreen Co., et al.,                                        :
     Plaintiffs,                    :  Civil Case Number:
   v.                                          :  1:06-cv-02084-RWR
AstraZeneca Pharmaceuticals L.P., et al.,                    :
     Defendants.                    :
————————————————————X
:
Rite Aid Corporation, et al.,                                :
     Plaintiffs,                    :  Civil Case Number:
   v.                                          :  01:06-cv-02089-RWR
AstraZeneca Pharmaceuticals L.P., et al.,                    :
     Defendants.                    :
————————————————————X
:
Louisiana Wholesale Drug Co., Inc., et al.,                  :
     Plaintiffs,                    :  Civil Case Number:
   v.                                          :  01:06-cv-02157-RWR
AstraZeneca Pharmaceuticals L.P., et al.,                    :
     Defendants.                    :
————————————————————X
:
Burlington Drug Company, Inc., et al.,                       :
     Plaintiffs,                    :  Civil Case Number:
   v.                                          :  01:07-cv-00041-RWR
AstraZeneca Pharmaceuticals L.P., et al.,                    :
     Defendants.                    :
————————————————————X
:
Meijer, Inc., et al.,                                        :
     Plaintiffs,                    :  Civil Case Number:
   v.                                          :  01:06-cv-02155-RWR
AstraZeneca Pharmaceuticals L.P., et al.,                    :
     Defendants.                    :
————————————————————X

**MOTION FOR LEAVE TO FILE PLAINTIFFS' SURREPLY STATEMENT OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Dated: July 13, 2007

Direct Purchaser Plaintiffs respectfully move this Court for leave to file Plaintiffs' Surreply Statement of Points and Authorities in Opposition to Defendants' Motion to Dismiss (attached hereto as Exhibit A) in order to address arguments made in Defendants' Reply Statement of Points and Authorities in Support of Defendants' Motion to Dismiss ("Reply Statement") regarding a Supreme Court decision, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 2007 U.S. Dist. LEXIS 5901 (2007), that was decided the day Plaintiffs filed their opposition brief.

Defendants argue that *Twombly* repudiated the pleading standard upon which Plaintiffs rely on this motion to dismiss. *See* Reply Statement at 1-2, 8-9. However, assuming *arguendo* that *Twombly* applies to Plaintiffs' Sherman Act § 2 claims, Plaintiffs assert that their complaints meet the *Twombly* standard. Because Plaintiffs have not yet had an opportunity to address Defendants' arguments regarding the *Twombly* decision, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to file the short surreply attached hereto.

Plaintiffs have conferred with opposing counsel regarding the filing of this motion as required under LCvR 7(m). Defendants would not agree to Plaintiffs' motion unless Plaintiffs acceded to conditions regarding length and additional briefing to which Plaintiffs were not willing to agree.

Respectfully submitted,

Dated: July 13, 2007      By: s/ Robert D.W. Landon, III
Miami, FL       Robert D.W. Landon, III, Esq.
        Scott Eliot Perwin, Esq.
        KENNY NACHWALTER, P.A.
        201 South Biscayne Boulevard
        1100 Miami Center
        Miami, FL 33131
        Telephone: 305-373-1000
        Facsimile: 305-372-1861

2

Lauren C. Ravkind, Esq.
KENNY NACHWALTER, P.A.
111 Congress Avenue, Suite 1060
Austin, TX 78701

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713

David U. Fierst, Esq.
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
 Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
 Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 13, 2007, served a true and correct copy of the

foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as

by United States mail, properly addressed and first class postage prepaid.

s/ Robert D.W. Landon, III
Robert D.W. Landon, III

**Counsel of Record:**

Mark Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

John Treece
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Defendants*

David U. Fierst (D.C. Bar 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway , Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street , Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713

***Attorneys for Plaintiffs***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
_____X
                                         :
Walgreen Co., et al.,                    :
                    Plaintiffs,          :        Civil Case Number:
              v.                         :        1:06-cv-02084-RWR
AstraZeneca Pharmaceuticals L.P., et al.,:
                    Defendants.          :
_____X
                                         :
Rite Aid Corporation, et al.,            :
                    Plaintiffs,          :        Civil Case Number:
              v.                         :        01:06-cv-02089-RWR
AstraZeneca Pharmaceuticals L.P., et al.,:
                    Defendants.          :
_____X
                                         :
Louisiana Wholesale Drug Co., Inc., et al.,:
                    Plaintiffs,          :        Civil Case Number:
              v.                         :        01:06-cv-02157-RWR
AstraZeneca Pharmaceuticals L.P., et al.,:
                    Defendants.          :
_____X
                                         :
Burlington Drug Company, Inc., et al.,   :
                    Plaintiffs,          :        Civil Case Number:
              v.                         :        01:07-cv-00041-RWR
AstraZeneca Pharmaceuticals L.P., et al.,:
                    Defendants.          :
_____X
                                         :
Meijer, Inc., et al.,                    :
                    Plaintiffs,          :        Civil Case Number:
              v.                         :        01:06-cv-02155-RWR
AstraZeneca Pharmaceuticals L.P., et al.,:
                    Defendants.          :
_____X
```

## [PROPOSED] ORDER

Upon consideration of the Motion for Leave to File Plaintiffs' Surreply Statement of Points

and Authorities in Opposition to Defendants' Motion to Dismiss, it is hereby

**ORDERED** that the Motion is **GRANTED**, and Plaintiffs may file their Surreply Statement of Points and Authorities in Opposition to Defendants' Motion to Dismiss, and the Clerk shall enter and docket said Surreply Statement in the Court's Electronic Case Filing System.

**SO ORDERED** this _____ day of _____, 2007:

_____
Judge Richard W. Roberts

**Copies To:**

Mark Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

John Treece
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Defendants*

David U. Fierst (D.C. Bar 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

3

Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713

***Attorneys for Plaintiffs***

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

———————————————————————X
                                                  :
Walgreen Co., et al.,                             :
                          Plaintiffs,             :        Civil Case Number:
            v.                                    :        1:06-cv-02084-RWR
AstraZeneca Pharmaceuticals L.P., et al.,         :
                          Defendants.             :
———————————————————————X
                                                  :
Rite Aid Corporation, et al.,                     :
                          Plaintiffs,             :        Civil Case Number:
            v.                                    :        01:06-cv-02089-RWR
AstraZeneca Pharmaceuticals L.P., et al.,         :
                          Defendants.             :
———————————————————————X
                                                  :
Louisiana Wholesale Drug Co., Inc., et al.,       :
                          Plaintiffs,             :        Civil Case Number:
            v.                                    :        01:06-cv-02157-RWR
AstraZeneca Pharmaceuticals L.P., et al.,         :
                          Defendants.             :
———————————————————————X
                                                  :
Burlington Drug Company, Inc., et al.,            :
                          Plaintiffs,             :        Civil Case Number:
            v.                                    :        01:07-cv-00041-RWR
AstraZeneca Pharmaceuticals L.P., et al.,         :
                          Defendants.             :
———————————————————————X
                                                  :
Meijer, Inc., et al.,                             :
                          Plaintiffs,             :        Civil Case Number:
            v.                                    :        01:06-cv-02155-RWR
AstraZeneca Pharmaceuticals L.P., et al.,         :
                          Defendants.             :
———————————————————————X

**PLAINTIFFS' SURREPLY STATEMENT OF POINTS AND AUTHORITIES IN**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**


Dated: July 13, 2007

Direct Purchaser Plaintiffs ("Plaintiffs")[1] submit this surreply in order to address the arguments in Defendants' Reply Statement of Points and Authorities in Support of Defendants' Motion to Dismiss ("Reply Statement") regarding the pleading standard announced in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 2007 U.S. Dist. LEXIS 5901 (2007). The Supreme Court's *Twombly* decision was issued the day Plaintiffs filed their opposition brief, and therefore, Plaintiffs have not yet had the opportunity to address Defendants' arguments regarding *Twombly*.[2]

## I.    PLAINTIFFS' COMPLAINTS PRESENT ENOUGH FACTS TO STATE A PLAUSIBLE CLAIM TO RELIEF

*Twombly* requires that a complaint present "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Importantly, *Twombly* did not change the

---

[1]    Direct Purchaser Plaintiffs include Plaintiffs in the following cases: *Walgreen Co., et al. v. AstraZeneca Pharmaceuticals L.P., et al.*, 06-cv-02084-RWR; *Rite Aid Corporation, et al. v. AstraZeneca Pharmaceuticals L.P., et al.*, 06-cv-02089-RWR; *Louisiana Wholesale Drug Co., Inc., et al. v. AstraZeneca Pharmaceuticals L.P., et al.*, 06-cv-02157-RWR; *Burlington Drug Company, Inc., et al. v. AstraZeneca Pharmaceuticals L.P., et al.*, 07-cv-00041-RWR; and *Meijer, Inc., et al. v. AstraZeneca Pharmaceuticals L.P., et al.*, 06-cv-02155-RWR. For the Court's convenience, as all Direct Purchaser Complaints are substantively identical, all citations shall be to the Walgreen First Amended Complaint ("Compl.").

[2]    *Twombly* is best read as being applicable only to Sherman Act § 1 cases based on allegations of conscious parallelism. *See Twombly*, 127 S. Ct. at 1963 ("We granted certiorari to address the proper standard for pleading an antitrust conspiracy through allegations of parallel conduct."); *id.* at 1964 ("This cases presents the antecedent question of what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act."). In *Twombly*, plaintiffs based their antitrust conspiracy claim solely on circumstantial evidence of defendants' parallel conduct. Because established antitrust law recognizes that allegations of parallel conduct alone may not give rise to an inference of an agreement in restraint of trade (because such conduct is ambiguous), the *Twombly* Court merely explained that stating a § 1 claim requires a complaint with enough factual matter - - in addition to defendants' parallel conduct - - taken as true, to plausibly suggest that an agreement was made. *See id.* at 1966 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possesses enough heft to 'sho[w] that the pleader is entitled to relief.'"). Because Plaintiffs bring their claims under Sherman Act § 2, *Twombly* is inapplicable here. However, because Plaintiffs' complaints plainly meet the standard enunciated in *Twombly*, Plaintiffs will address that decision as if it were applicable here.

long-standing rule that Plaintiffs' factual allegations must be taken as true on a motion to dismiss. *Id.* at 1965 (citing, *e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)).  *See also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.") (citing *Twombly*, 2007 U.S. Dist. LEXIS 5901, *21).  Rather, *Twombly* merely requires Plaintiffs to "raise a right to relief above the speculative level." *Id.* at 1964-54.  *See also Erickson*, 127 S. Ct. at 2200 (2007) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting *Twombly*, 2007 U.S. Dist. LEXIS 5901, *21).

Based upon this standard, *Twombly* held the complaint at issue to be insufficient because plaintiffs there failed to allege a single fact in support of their allegation that the defendant telecommunications providers had entered into an agreement in restraint of trade. *See Twombly*, 127 S. Ct. at 1970-1971.

Plaintiffs here plainly satisfy the *Twombly* standard.  In support of their claims that Defendants' scheme to impair competition from generic Prilosec constitutes unlawful monopolization of the market for omeprazole and its enantiomers, Plaintiffs' complaints include specific factual allegations regarding, *inter alia*:

- the economics of pharmaceutical markets, pursuant to which: (a) brand pharmaceutical companies, like AstraZeneca, maintain monopoly power by exploiting the price "disconnect" between the product selection (done by the physician) and the payment obligation (borne by the patient) through detailing to doctors; and (b) generic pharmaceutical companies market their products to pharmacies based principally on price, *see* Compl. ¶ ¶ 18 - 22.

- the operation of state generic substitution laws, which mandate or permit generic substitution by pharmacists without physician approval, *see* Compl. ¶ ¶ 23 - 25.

2

- federal regulation regarding pharmaceutical products, including the AB-rating system. Only generic drugs that are AB-rated by the FDA may be automatically dispensed by a pharmacist in lieu of the brand drug under generic substitution laws, *see* Compl. ¶ ¶ 26 - 41.

- Defendants' knowledge that, based on the economics of pharmaceutical markets and the operation of state and federal regulation of pharmaceutical products, switching the market from Prilosec to Nexium - - a clinically equivalent, but non- AB-rated alteration of Prilosec - - would substantially impair competition from generic Prilosec, *see* Compl. ¶ ¶ 18 - 41, 57, 71.

- Defendants' "Shark Fin Project," which was formed for the sole purpose of protecting Defendants' monopoly profits upon expiration of the patent covering the company's best-selling drug, Prilosec, *see* Compl. ¶ ¶ 45 - 47, 50, 58.

- a direct quotation from AstraZeneca's then-chief executive officer admitting that, if it had been up to Defendant's Research & Development department - - as opposed to its marketing department - - Nexium would never have been launched, *see* Compl. ¶ 67.

- the drug substance compositions of Prilosec and of Nexium, a minutely altered form of Prilosec, that offers no therapeutic or other benefits to consumers, *see* Compl. ¶ ¶ 51 - 55.

- Defendants' clinical studies comparing Nexium to Prilosec, that demonstrated to both Defendants and the FDA that Nexium was not clinically superior to Prilosec, *see* Compl. ¶ ¶ 77 - 89.

- Defendants' statements to the FDA in negotiations between FDA and AstraZeneca concerning the labeling for Nexium, in which AstraZeneca assured the FDA that it was "not stating that Nexium is better than [Prilosec]," and that the results of clinical trials should be included in the label in order "to make physicians understand that Nexium is not superior to [Prilosec]," *see* Compl. ¶ 89.

- Defendants' promotion and detailing strategy, including ceasing to detail and promote Prilosec 18 months prior to generic Prilosec entering the market, and specific statements designed to misleadingly persuade doctors and consumers that Nexium was clinically superior to Prilosec, *see* Compl. ¶ ¶ 58 - 62, 69 - 70, 92 - 97.

- sales data demonstrating Defendants' success in impairing generic competition for Prilosec, and also demonstrating that, absent such effect, Defendants's scheme to switch patients to Nexium from Prilosec made no economic sense, *see* Compl. ¶ ¶ 63 - 66.

3

- data regarding the effect of Defendants' exclusionary scheme, including that absent Defendants' conduct, generic Prilosec would have captured more than 25 million units in 2005 rather than a mere 7.4 million units, *see* Compl. ¶ ¶ 106, 112 - 113.

Unlike the plaintiffs in *Twombly*, Plaintiffs in this case are not asking the Court to **infer** a conspiracy—or anything else.  Plaintiffs have alleged all of the facts necessary to state a claim under section 2 of the Sherman Act without the necessity of any inference whatsoever.  Whether those facts are sufficient to trigger liability under the antitrust laws is an issue of *substantive antitrust law* that the Court will have to resolve, not an issue involving pleading standards, and not an issue on which *Twombly* sheds any light at all (indeed, *Twombly* did not purport to decide any issues of substantive antitrust law).  The Court's discussion of pleading standards in cases arising under section 1 of the Sherman Act has literally nothing to do with this case.

## II.  PLAINTIFFS' DETAILED FACTUAL ALLEGATIONS REGARDING NEXIUM'S LACK OF CLINICAL SUPERIORITY OVER PRILOSEC ARE NOT MERE LEGAL CONCLUSIONS, AND ARE NOT REFUTED BY NEXIUM'S LABEL

Notwithstanding this rich factual detail, Defendants argue that: (1) Plaintiffs offer mere legal conclusions in support of their allegations that Nexium is not a medical improvement over Prilosec; and (2) this purported "legal conclusion" should not be accepted as true because it is belied by the clinical studies included in Nexium's label.  *See* Reply Statement at 9-10.

Defendants' argument contradicts Plaintiffs' specific factual allegations that **"Nexium is not superior to [Prilosec],"** based on the same clinical studies that Defendants now argue demonstrate that Nexium is superior to Prilosec. Compl. ¶ 89 (emphasis added); *See also* Compl. ¶ 85 (detailing FDA Medical Officer's conclusion that the "superiority of NEXIUM over omeprazole was not demonstrated"); *id.* ("There are no studies which demonstrate that [Nexium] is superior to [Prilosec], clinically or even statistically."); *id.* at ¶ 86 ("the sponsor's conclusion that [Nexium] has been

4

shown to provide a significant clinical advantage over omeprazole in the first-line treatment of patients with acid-related disorders is not supported by the data").  Unlike *Twombly*, these allegations are not conclusory statements without any factual support; to the contrary, they are amply supported by detailed facts derived from Defendants' communications with FDA (even though such detail is not required under *Twombly*).

In fact, as detailed in Plaintiffs' complaints, Defendants specifically advocated to FDA for inclusion of these studies in Nexium's label in order "to make physicians understand that **Nexium is not superior to omeprazole**."  Compl. ¶ 89 (quoting AstraZeneca's Product Director).    This factual allegation is particularly important given that AstraZeneca argued in its Reply brief that Plaintiffs' allegations that AstraZeneca was misrepresenting to doctors and patients that Nexium was better than Prilosec are insufficient because the studies in the Nexium label demonstrate that those statements were true.  *See* Reply Statement at 8-9, 21.  Tellingly, AstraZeneca does not address the allegation in its Reply Statement.

In light of these detailed and well-documented allegations, Defendants' argument that Plaintiffs' allegations - - including their allegations that Nexium is not superior to Prilosec - - do not meet the *Twombly* standard should be rejected out of hand.

Respectfully submitted,

Dated: July 13, 2007
      Miami, FL

By: s/ Robert D.W. Landon, III
Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131
Telephone: 305-373-1000
Facsimile: 305-372-1861

Lauren C. Ravkind, Esq.
KENNY NACHWALTER, P.A.
111 Congress Avenue, Suite 1060
Austin, TX 78701

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713

David U. Fierst, Esq.
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway, Suite 1416
New York, NY 10036

Daniel Berger, Esq.

6

David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
 Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
 Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

7

## CERTIFICATE OF SERVICE

I hereby certify that I have on July 13, 2007, served a true and correct copy of the

foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as

by United States mail, properly addressed and first class postage prepaid.

s/ Robert D.W. Landon, III
Robert D.W. Landon, III

**Counsel of Record:**

Mark Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

John Treece
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Defendants*

David U. Fierst (D.C. Bar 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W., Suite 1100
Washington, DC 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway , Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street , Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
1100 Miami Center
Miami, FL 33131

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street
Suite 700
Harrisburg, PA 17101-1713

***Attorneys for Plaintiffs***