IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Walgreen Co., et al.,<br>　　　　Plaintiffs,<br>　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02084-RWR |
| Rite Aid Corporation, et al.,<br>　　　　Plaintiffs,<br>　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02089-RWR |
| Louisiana Wholesale Drug Co, Inc., et al.,<br>　　　　Plaintiff,<br>　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02157-RWR |
| Burlington Drug Company, Inc., et al.,<br>　　　　Plaintiffs,<br>　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:07-cv-00041-RWR |
| Meijer, Inc., et al.,<br>　　　　Plaintiffs,<br>　v.<br>AstraZeneca Pharmaceuticals L.P., et al.,<br>　　　　Defendants. | Civil Case Number:<br>1:06-cv-02155-RWR |

**DEFENDANTS' MEMORANDUM IN RESPONSE
TO PLAINTIFFS' MOTION FOR RULE 16(b) CONFERENCE
AND FOR LEAVE TO CONDUCT DISCOVERY**

July 23, 2007

1

The central issue raised by Plaintiffs' Rule 16 motion ("Motion") is whether the Court should allow Plaintiffs to launch massive discovery in this novel antitrust case, *before* the Court considers and rules on defendants' motion to dismiss the complaint in their entirety.

Plaintiffs also say that they want a conference with the Court to address issues about "case management" and "consolidation," but they acknowledge that their pending Motion for Entry of Proposed Case Management Order No. 1 is "unopposed," and their proposed order mostly concerns the internal organization and "leadership structure" among the Plaintiffs' lawyers, as well as consolidation of the class actions. *See* Motion at 4.[1]

Most of Plaintiffs' Motion, therefore, argues that defendants (collectively, "AstraZeneca") should be forced to begin immediately responding to very substantial discovery notwithstanding the fact that briefing on the motion to dismiss the complaints has only recently been completed.[2]

## I.  Plaintiffs' Request to Begin Discovery at This Time Is Not Supported by the Law.

In support of their argument that discovery should begin before the Court rules on AstraZeneca's pending motion to dismiss, Plaintiffs cite two cases from the Eastern District of Pennsylvania, *Worldcom Tech., Inc. v. Intelnet Int'l*, 2002 U.S. Dist. LEXIS 15892 at *18-19 (E.D. Pa. Aug. 22, 2002), and *Coca-Cola Bottling Co. v. Grol*, 1993 U.S. Dist. LEXIS 3734 at

---

[1] *See also LWD Plaintiffs' Motion for Entry of Proposed Case Management Order No. 1* (Jan. 31, 2007), and *Supplement to LWD Plaintiffs' Motion for Entry of Proposed Case Management Order No. 1* (Feb. 27, 2007) (advising Court that all plaintiffs "have now reached an agreement as to the proposed leadership structure").

[2] Plaintiffs' Motion also includes a substantial discussion of *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (May 21, 2007), even though Plaintiffs asked the Court for permission to file a surreply brief in opposition to AstraZeneca's motion to dismiss, so that they could address *Twombly* there as well.

\*6, \*7 (E.D. Pa. 1993), for the proposition that "courts disfavor staying discovery pending a motion to dismiss." Motion at 5.

That proposition, however, is inconsistent with the law in this district: "It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office*, No. 91-2262-LFO, 1992 WL 159186, at \*1 (D.D.C. June 19, 1992) (Oberdorfer, J.), *quoted with approval in Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2001) (Bates, J.). Here, AstraZeneca's motion to dismiss would dispose of the entire complaints, and so under this precedent, discovery should be stayed until the motion is decided.

Similarly, in *Chavous v. District of Columbia Fin'l Resp. & Mgmt. Assistance Auth.*, 201 F.R.D. 1 (D.D.C. 2001) (Robinson, M.J.), the court noted that "[i]t is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion" and that a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources." *Id*. at 2 (quoting *Coastal States Gas Corp. v. Dept. of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979)). The court concluded:

> Plaintiffs have failed to articulate any reason which would warrant a departure from the authorities which hold that a trial court properly exercises its discretion to stay discovery where a motion which would be entirely dispositive if granted is pending; the discovery is not needed to permit the party who seeks discovery to oppose the pending dispositive motion; and the party who seeks discovery would not be prejudiced by a stay. A stay of discovery in the circumstances presented here furthers the ends of economy and efficiency. . . .

*Id*. at 4. *See also Maljack Productions, Inc. v. Motion Picture Ass'n of America*, No. 90-1121, at \*2 (D.D.C. Oct. 3, 1990) (Penn, J.) ("until there is a decision on defendant's motion to dismiss all discovery in this action is stayed"); *Sinclair Nat'l Bank v. Office of the Comptroller of the*

2

*Currency*, No. 00-2398, 2000 WL 34012862, at *5 (D.D.C. Dec. 18, 2000) (Kennedy, J.) ("discovery herein is stayed pending the determination of Defendants' Motion to Dismiss").

The common sense of these rulings – especially in the context of an antitrust case that would impose enormous discovery demands – is reinforced by the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (May 21, 2007), which cautions against subjecting defendants to the enormous burdens of antitrust litigation before the complaint has been tested. "[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Id*. at 1967 (internal quotations omitted). As the Northern District of California commented last month, "the Supreme Court has recognized that staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming, and expensive." *In re Netflix Antitrust Litig.*, Nos. 07-00643 *et seq.*, 2007 WL 1725422 (N.D. Cal. June 14, 2007).

Plaintiffs would undoubtedly seek discovery on a multitude of issues, such as the structure and performance of, and pricing in, the market for proton pump inhibitor drugs; the economics of pharmaceutical markets generally; the effect of federal regulation over pharmaceuticals as well as state regulation of pharmacists' ability to substitute prescriptions; the process by which managed care organizations decide whether, and to what extent, to pay for new drugs; health plans' reaction to the introduction of generics and non-prescription ("over-the-counter") drugs; and the influence of direct-to-consumer advertising on prescribing decisions by doctors. Given the enormous breadth of these factual issues, if discovery proceeds, it will indeed likely be "broad, time-consuming, and expensive," so that a stay of discovery pending a ruling

3

on AstraZeneca's motion would be "particularly appropriate." Plaintiffs have not claimed that they would be prejudiced by a stay of discovery pending a decision on the motion to dismiss.

After ignoring the law in this district (and relying instead on the two Pennsylvania cases), Plaintiffs proceed to misstate Professor Moore's Manual on Federal Practice. When the Manual stated that stays are "rare" and are given only if "defendant makes a strong showing that the plaintiff's claim is without merit," it was referring to orders that stay *initial disclosures*, as opposed to orders that stay document and deposition discovery. *See* 2-15 Moore's Manual – Federal Practice and Procedure §15.02, quoted in Motion at 5. When it comes to the burdens of full-scale discovery, Professor Moore takes the more sensible approach reflected in the cases from this District: "[A] stay of discovery is appropriate when the motion appears to have substantial grounds or, stated another way, does not 'appear to be without foundation in law.'" 6-26 Moore's Federal Practice – Civil § 26.105[3] (citations omitted).

## II.    AstraZeneca's Motion Is Well-Grounded in Law.

AstraZeneca's motion is clearly has "substantial grounds" and a "foundation in law." Tellingly, Plaintiffs resort to bald mischaracterizations of AstraZeneca's arguments in order to suggest otherwise.

1.    Plaintiffs tell the Court that "Defendants … argue that their motion to dismiss should be granted based on a *per se* legality argument." Motion at 8. But AstraZeneca has made clear that it is *not* relying on such a rule of *per se* legality: "Contrary to Plaintiffs' assertion, AstraZeneca never argued 'that all product design changes made by a monopolist are *per se* lawful.' . . . Rather, AstraZeneca showed that the courts have sharply circumscribed the theories that may be used to challenge such conduct under Section 2." *Reply Stmt. of Points and Auth. in Support of Defendants' Motion to Dismiss*, at 2 (July 2, 2007) ("Def. Reply Br.").

4

        2.      Similarly, Plaintiffs tell the Court that AstraZeneca has sought dismissal of the complaints on the basis of "allegedly pro-competitive justifications for their exclusionary conduct." Motion at 7. Nobody who has read AstraZeneca's motion to dismiss papers could reasonably make this assertion. AstraZeneca has made its position clear: "[T]he Complaints <u>fail to allege exclusionary conduct</u> under Section 2 of the Sherman Act. . . . The present case <u>does not allege any such exclusionary conduct</u>." Def. Reply Br. at 1 (emphasis added). A court does not need to consider a defendant's "justifications" unless there is "exclusionary" conduct – sometimes called "anticompetitive conduct." *United States v. Microsoft Corp.*, 253 F.3d 34, 58 (D.C. Cir. 2001) (holding that a Section 2 violation requires "illicit exclusion"), quoted with approval in *Verizon Comm. Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 414 (2004). No such exclusionary conduct is alleged here.

        AstraZeneca's core argument is that, as a matter of law, it was not exclusionary conduct for AstraZeneca to introduce new products (Nexium® and Prilosec OTC®), while also keeping the older product (Prilosec®) on the market, for AstraZeneca thereby expanded the choices available to patients and doctors, as well as insurers and other health plans. That is true whether the new products could be characterized by lawyers as better, worse, or the same as the old ones, because the law says that the marketplace, not juries, should decide which products succeed.

        3.      Finally, Plaintiffs continue to insist that the Court is duty bound to accept their conclusory allegation that Nexium is the same as, and provides no medical benefit over, Prilosec – even though (1) they do not contest that the Court can take judicial notice of the labels for Prilosec and Nexium, which show otherwise, and (2) the law is clear that when ruling on a motion to dismiss, specific facts (like the information in the labels) govern over unsupported,

5

conclusory allegations (like Plaintiffs' allegations of "no medical benefit"). *See* Defts. Reply Br. at 9-10. Nor do Plaintiffs contest that if, as the FDA-approved Nexium label shows, Nexium has a medical advantage over Prilosec for certain patients with certain conditions, then this case has no legs at all. The introduction of a better product by an alleged monopolist is not an antitrust violation merely because competitors lost sales as a result.

In the end, however, the Court will not decide the sufficiency of the complaints based on points raised in procedural motions like this. Accordingly, to facilitate the Court's consideration of its motion to dismiss, AstraZeneca has filed today a Motion for an Oral Argument, asking that the Court hear its motion to dismiss prior to, or in conjunction with, any Rule 16 conference. The case law in this District strongly supports a stay of discovery until the motion is actually decided, and AstraZeneca believes that oral argument will provide further support for a stay, even under the erroneous standard urged by the plaintiffs, because the hearing will demonstrate that AstraZeneca's motion is well supported in logic and law and should be granted.

## CONCLUSION

The Court should not permit discovery to commence until the motion to dismiss is resolved.

Dated:  July 23, 2007

Respectfully submitted,

By:     /s/ Mark E. Haddad

Mark E. Haddad (D.C. Bar No. 442547)
Joshua E. Anderson
Alycia A. Degen
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000
(213) 896-6600 (fax)

John W. Treece
David M. Schiffman
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000
(312) 853-7036 (fax)

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 23rd day of July, 2007, served a true and correct copy of the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well as by United States mail, properly addressed and first class postage prepaid.

/S/Mark E. Haddad
Mark E. Haddad

**COUNSEL OF RECORD**:

*Counsel for Walgreen Co.*

Robert D.W. Landon III
Richard Alan Arnold
Scott E. Perwin
Lauren C. Ravkind
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131

Linda P. Nussbaum
Kaplan, Fox & Kilsheimer LLP
805 Third Ave.
New York, NY 10022

*Counsel for Rite Aid Corp.*

Robert D.W. Landon III
Kenny Nachwalter P.A.
1100 Miami Center
201 South Biscayne Boulevard
Miami, FL  33131

Steve D. Shadowen
Monica L. Rebuck
Hangley Aronchick Segal & Pudlin
30 North Third Street, Suite 700
Harrisburg, PA  17101-1713

Joseph T. Lukens
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933

*Counsel for Louisiana Wholesale Drug Co.*
*and Burlington Drug Company, Inc.*

David U. Fierst (D.C. Bar 912899)
Stein, Mitchell & Mezines LLP
1100 Connecticut Ave, N.W.
Suite 1100
Washington, D.C. 20036

Bruce E. Gerstein
Barry S. Taus
Bret Cebulash
Kevin S. Landau
Elena K. Chan
Anne K. Fornecker
Kimberly Hennings
Garwin Gerstein & Fisher LLP
1501 Broadway
Suite 1416
New York, New York 10011

L. Gregory Odom
Stuart E. Des Roches
Charles F. Zimmer II
Odom & Des Roches LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith
W. Ross Foote
Percy, Smith & Foote LLP
720 Murray Street
P.O. Box 1632
Alexandria, LA  71309

Daniel Berger
David F. Sorensen
Eric L. Cramer
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103

Brent B. Barriere
Phelps Dunbar LLP
365 Canal Street, Ste. 2000
New Orleans, LA  70130

Adam Moskowitz
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134

*Counsel for Meijer, Inc.*

Joseph Vanek
David Germaine
Vanek, Vickers & Masini, P.C.
111 S. Wacker Dr., Ste. 4050
Chicago, IL 60606

Michael Hausfeld
Brian Ratner
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C. 20005

Robert N. Kaplan
Linda Nussbaum
Susan R. Schwaiger
Kaplan Fox & Kilsheimer LLP
805 Third Avenue
New York, NY 10022

Steig Olson
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 E. 52nd St., 30th Fl.
New York, NY 10022

Paul Slater
Sperling & Slater, P.C.
55 W. Monroe Street
Suite 3200
Chicago, IL 60603

2