**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


LOUISIANA WHOLESALE DRUG CO.,
INC., on behalf of itself and all others
similarly situated,

                Plaintiff,

      v.                            CIVIL ACTION NO. 1:06-cv-02157-RWR

ASTRAZENECA PHARMACEUTICALS
L.P.; ASTRAZENECA L.P.; ZENECA,
INC.; and ZENECA HOLDINGS, INC.,
                Defendants.

---------------------------------------------------------------X

BURLINGTON DRUG COMPANY, INC.,
DIK DRUG COMPANY, and KING DRUG
COMPANY OF FLORENCE, INC., on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

      v.                            CIVIL ACTION NO. 1:07-cv-00041-RWR

ASTRAZENECA PHARMACEUTICALS
L.P., ASTRAZENECA L.P., ZENECA, INC.,
and ZENECA HOLDINGS, INC.,
                Defendants

---------------------------------------------------------------X

MEIJER, INC., and MEIJER
DISTRIBUTION, INC., on behalf of
themselves and all others similarly situated,
                Plaintiffs,

      v.                            CIVIL ACTION NO. 1:06-cv-02155-RWR

ASTRAZENECA PHARMACEUTICALS
L.P., et al.,
                Defendants



```
-----------------------------------------------------------X
WALGREEN CO., et al.,
                        Plaintiffs,

        v.                          CIVIL ACTION NO. 1:06-cv-02084-RWR

ASTRAZENECA PHARMACEUTICALS
L.P., ASTRAZENECA L.P., ZENECA, INC.,
and ZENECA HOLDINGS, INC.,
                        Defendants
-----------------------------------------------------------X

RITE AID CORPORATION and RITE AID
HDQTRS. CORP.,
                        Plaintiffs,

        v.                          CIVIL ACTION NO. 1: 06-cv-02089-RWR

ASTRAZENECA PHARMACEUTICALS
L.P., et al.,
                        Defendants
```

## DIRECT PURCHASER PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR RULE 16(b) CONFERENCE AND FOR LEAVE TO CONDUCT DISCOVERY

## I.      Summary of the Plaintiffs' Position

The Direct Purchaser Plaintiffs'[1] motion has two objectives: to allow the Plaintiffs to

obtain relevant documents already produced by the Defendants in prior litigation, at no cost or

burden to the Defendants, and to begin the discovery process in this matter by scheduling a Rule

16(b) conference.  Defendants did not even try to rebut the basis for Plaintiffs' request for access

---

[1]      Louisiana Wholesale Drug Co., Inc., Burlington Drug Company, Inc., Dik Drug Company, King Drug Company of Florence, Inc., Meijer, Inc., Meijer Distribution, Inc., Walgreen Co., Eckerd Corporation, The Kroger Co., Maxi Drug, Inc. d/b/a Brooks Pharmacy, American Sales Company, Inc., New Albertson's, Inc., Safeway, Inc., Hy-Vee, Inc., Rite Aid Corporation and Rite Aid Hdqtrs. Corp., hereinafter collectively referred to as "Direct Purchaser Plaintiffs."

to the California Litigation[2] documents, and thus, the issue should be resolved without further debate. As for the Rule 16(b) conference, the Defendants object to moving this case forward until the motion to dismiss is resolved, but fail to raise any novel or compelling arguments that (1) the standard articulated by the Plaintiffs is wrong, or (2) that Defendants' motion to dismiss satisfies the applicable standard.

## II. Access to the California Litigation Documents Should Be Ordered.

The Defendants did not specifically address the Plaintiffs' request for access to the California Litigation documents. For instance, they have not addressed the cases cited by the Plaintiffs, or explained why there would be any burden to authorize the Plaintiffs' access to the California Litigation documents. Instead, Defendants simply refuse to allow Plaintiffs to obtain the documents, even though the documents have already been produced and made subject to a protective order that anticipates their production here, and could be obtained by Plaintiffs at no cost or burden to Defendants. The cases[3] presented by the Plaintiffs demonstrate that there is no reason – before or after the Supreme Court's decision in *Twombly* (*infra*) – to preclude discovery of relevant documents that have already been collected, reviewed, and produced by Defendants in other litigation. Simply put, Defendants have failed to meet their burden on this point.

---

[2] *James Weiss, et al. v. AstraZeneca Pharmaceuticals, LP, et al.,* Los Angeles Superior Court Case No. BC 323107, and *Ledwick, et al. v. AstraZeneca Pharmaceuticals, LP, et al.,* Los Angeles Superior Court Case No. BC 324518 (collectively referred to as the "California Litigation").

[3] *See, e.g., In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court, Northern District of California, MDL-c-07-1819, Transcript of June 1, 2007 Case Management Conference, attached as Exhibit "E", at p. 7, to Direct Purchaser Plaintiffs' Motion and Memorandum for Rule 16(B) Conference and for Leave to Conduct Discovery.

III.    **The Case Should Not be Stayed Until the Motion to Dismiss is Resolved.**

The Plaintiffs moved for a Rule 16 Conference in order to facilitate discovery.[4]  As

Plaintiffs made clear in their opening brief, under appropriate circumstances a court should grant

a motion for protective order staying discovery until after resolving a motion to dismiss.

Defendants cited such cases.  Those cases recognized that a stay of discovery is within the

court's discretion.[5]  Considering the deficiencies raised by the Plaintiffs regarding the

Defendants' pending motion to dismiss, this Court should exercise its discretion and allow initial

disclosures and merits discovery to move forward.

As Plaintiffs explained, the standard to apply when considering a request to stay

discovery pending a motion to dismiss is: Stays of discovery are rare exceptions to the liberal

discovery rules of Rule 26, and are applied only if "defendant makes a strong showing that the

plaintiff's claim is without merit." 2-15 *Moore's Manual – Federal Practice and Procedure* §

15.02.[6]  Defendants criticize Plaintiffs' reliance upon this section of *Moore's* because it refers to

initial disclosures.  Defendants ignore the obvious fact that they have refused to provide initial

---

[4]    Defendants have not filed a motion to stay discovery pursuant to Rule 26(c), but instead have simply refused to participate in a Rule 26(f) conference, thus blocking the Plaintiffs' ability to begin discovery.

[5]    The cases cited by the Defendants are not instructive as to how this court should exercise its discretion here. For example, in *Chavous*, the parties had cross dispositive motions, "either of which would be thoroughly dispositive", and plaintiffs had expressed that "there were no genuine dispute as to any material fact…" *Chavous v. District of Columbia Fin'l Resp. and Mgt. Assis. Auth.*, 201 F.R.D. 1, 2-3 (D.D.C. 2001) (NO. CIVA 01-0921).  Here, Plaintiffs have pointed out numerous material facts that are in dispute at this early phase of the litigation.  And, in *Anderson v. U.S. Attorneys Office*, 1992 WL 159186 (D.D.C. Jun 19, 1992) (NO. CIV. A. 91-2262-LFO), the Court made clear that issues of immunity supported the motion to stay discovery.  Immunity issues are not present in this case.

[6]    *See also, People With Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179, *1 (D.D.C. Oct 11, 1991) (No. Civ. A. 91-0574) ("The party seeking to stay discovery has the burden of justification….However, bare assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.") (*internal citations and quotes omitted*).

disclosures, and the Rule 16 Conference would resolve, *inter alia*, the timing of the disclosures and merits discovery. This section of *Moore's* is, therefore, directly on point.

Defendants urge that *Moore's* §26.105, which states that a stay of "full discovery" should only occur where the pending motion to dismiss "appears to have substantial grounds", presents a more appropriate standard. Defendants simultaneously contend that the appropriate standard is to disallow discovery "when there is no reasonable likelihood that the plaintiffs can construct a claim." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1967 (2007).

Regardless of the standard applied by this Court – *i.e.*, "strong showing", "substantial grounds", or "reasonable likelihood" – the language must be considered in light of the high burden of proof imposed on the movant of a motion to dismiss. As the Supreme Court reiterated in *Twombly*, the Plaintiffs' factual allegations must be taken as true for the purpose of the pending motion to dismiss.[7] Under any of the above standards, Plaintiffs have demonstrated in their opposition to the motion to dismiss, and in the instant motion, that Defendants have not made a "strong showing" that the Plaintiffs' claims are meritless; have not demonstrated that there is not a "reasonable likelihood" that Plaintiffs can construct a claim based on their allegations; and have not made a showing that there are "substantial grounds" to support their motion to dismiss.

Here, the Defendants' argument that their motion to dismiss will prevail is premised on the position that the Nexium label establishes Nexium's superiority over Prilosec as a matter of law. This argument necessarily ignores both controlling law in this Circuit (*United States v.*

---

[7]      *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citing *Twombly* to make clear that: "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.") (*internal citations omitted*).

*Microsoft*, 253 F.3d 34 (D.C. Cir. 2001) (*en banc*)) and Plaintiffs' clear and detailed allegations that FDA approved the Nexium label based on Defendants' representations to the FDA that the data in the label was included specifically to inform doctors **that Nexium was not superior to Prilosec**. *See, e.g., Walgreen* Amended Complaint (06-cv-02084), at paras. 85 – 95. The Defendants, therefore, have not shown "substantial grounds" or made a "strong showing" in regard to their motion to dismiss. Thus, full discovery, including initial disclosures, should commence.

## IV.    CONCLUSION

For the foregoing reasons, the Direct Purchaser Plaintiffs respectfully request that the Court set a case management and scheduling conference pursuant to Rule 16(b) at the Court's earliest convenience. Plaintiffs further request that they be granted immediate access, at their own expense, to the documents produced by Defendants in the California Litigation.

Respectfully submitted, this 30th day of July, 2007.

By: /s/ Robert D. W. Landon, III
Robert D.W. Landon, III, Esq.
Scott Eliot Perwin, Esq.
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard
Suite 1100
Miami, FL 33131

Lauren C. Ravkind, Esq.
KENNY NACHWALTER, P.A.
111 Congress Avenue
Suite 1060
Austin, TX 78701

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street, Suite 700
Harrisburg, PA 17101-1713

David U. Fierst, Esq.
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036
Tel: (202) 737-7777
Fax: (202) 296-8312

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
850 Third Avenue, 14th Floor
New York, NY 10022

## CERTIFICATE OF SERVICE

I hereby certify that I have this 30th day of July, 2007, served a true and correct copy of

the foregoing on below-listed counsel of record in this proceeding, by electronic means, as well

as by United States mail, properly addressed and first class postage prepaid.

/s/ Robert D. W. Landon, III
Robert D. W. Landon, III

**Counsel of Record:**
Mark Haddad
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013

John Treece
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Defendants*

David U. Fierst (D.C. Bar 912899)
STEIN, MITCHELL & MEZINES LLP
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Bruce E. Gerstein, Esq.
Barry S. Taus, Esq.
Brett Cebulash, Esq.
Kevin S. Landau, Esq.
GARWIN GERSTEIN & FISHER LLP
1501 Broadway
Suite 1416
New York, NY 10036

Daniel Berger, Esq.
David F. Sorensen, Esq.
Eric Cramer, Esq.
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103

John G. Odom, Esq.
Stuart E. Des Roches, Esq.
Charles F. Zimmer II, Esq.
ODOM & DES ROCHES, LLP
Suite 2020, Poydras Center
650 Poydras Street
New Orleans, LA 70130

David P. Smith, Esq.
W. Ross Foote, Esq.
PERCY, SMITH & FOOTE L.L.P.
720 Murray Street
P.O. Box 1632
Alexandria, LA 71309

Brent B. Barriere, Esq.
PHELPS DUNBAR LLP
Canal Place, 365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam Moskowitz, Esq.
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon Blvd., 9th Floor
Miami, Fl 33131-2335

Linda Nussbaum, Esq.
Robert N. Kaplan, Esq.
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022

Joseph T. Lukens, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6933

Steve D. Shadowen, Esq.
Monica L. Rebuck, Esq.
HANGLEY ARONCHICK SEGAL & PUDLIN
30 North Third Street,  Suite 700
Harrisburg, PA 17101-1713

***Attorneys for Plaintiffs***